**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5264**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TREMAYNE NAVARIS CARMICHAEL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:06-cr-00009)

Submitted: February 14, 2008          Decided: February 29, 2008

Before MOTZ and KING, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tremayne Navaris Carmichael pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of seventy-two months imprisonment. Carmichael appeals his sentence, arguing that the district court erred in making a 6-level adjustment for assault on a law enforcement officer in a manner that created a substantial risk of serious bodily injury during the offense, or immediate flight therefrom, under U.S. Sentencing Guidelines Manual § 3A1.2(c)(1) (2005). We affirm.

Carmichael was stopped by Goldsboro, North Carolina, Police Officer Steven Powers because Carmichael's vehicle matched the description of a car involved in recent drive-by shooting. Powers called for backup after seeing what appeared to be marijuana on Carmichael's pants. Carmichael, who had a loaded firearm concealed in his waistband, tried to flee through the open passenger-side window. After a brief struggle with Powers, who reached in through the window on the driver's side and grabbed his legs, Carmichael succeeded in pulling the top half of his body out of the window. Powers testified at the sentencing hearing that, at this point, he looked over the roof of the car and saw a gun in Carmichael's hand, coming toward him. Powers shot and wounded Carmichael.

At sentencing, the district court heard conflicting testimony about the incident from Powers, the backup officer, Carmichael, and two witnesses to the incident. Carmichael testified that he did not take the gun from his waistband before he was shot. The court found Powers' testimony to be the most credible. Carmichael also argued that the § 3A1.2(c)(1) adjustment required a finding that he intended to harm the officer, but he informed the court that he would not object to a 2-level adjustment under USSG § 3C1.2 (Reckless Endangerment). The court applied § 3A1.2, finding that Carmichael caused Powers to fear that he would be shot, thus making the implied finding that his conduct amounted to an assault in a manner that created a substantial risk of serious bodily injury.

We review the district court's factual findings for clear error and its interpretation of the guidelines de novo. United States v. Quinn, 359 F.3d 666, 679 (4th Cir. 2004). Application Note 4 to § 3A1.2 states that "[s]ubsection (c) applies in circumstances tantamount to aggravated assault" against a law enforcement officer or prison official, and that "its applicability is limited to assaultive conduct against such official victims that is sufficiently serious to create at least 'a substantial risk of serious bodily injury.'" The commentary to § 3A1.2 does not define aggravated assault. Nor does it require a showing of intent.

Carmichael contends that the district court should have applied the definition of aggravated assault set out in Application Note 1 to USSG § 2A2.2 (Aggravated Assault). However, § 2A2.2 is not applicable to Carmichael's offense. Definitions of widely-used terms are set out in USSG § 1B1.1 (Application Instructions). Application Note 2 to § 1B1.1 states that definitions of terms contained in other guidelines "are not designed for general applicability" and "their applicability to sections other than those expressly referenced must be determined on a case by case basis."

In this case, Carmichael concedes, as he did in the district court, that his conduct caused a substantial risk of serious injury to Powers, but maintains that only a 2-level adjustment under § 3C1.2 was warranted. However, both § 3A1.2(c)(1) and § 3C1.2 may apply, without a finding of intent, if the defendant created a substantial risk of serious bodily injury. The difference is that, if the defendant's conduct caused the risk to an official victim, such as a law enforcement officer, the 6-level adjustment under § 3A1.2 must be applied. See United States v. Sloley, 19 F.3d 149, 154 (4th Cir. 1994);[*] USSG § 3C1.2, comment. (n.1) (§ 3C1.2 should not be applied if another Chapter

---

[*]When Sloley was decided, the pertinent language was in § 3A1.2(b) and the guideline provided only a three-level adjustment. Amendment 664, effective November 1, 2004, added subsection (c) and increased the adjustment to six levels.

Three adjustment results in greater increase in offense level based on same conduct).

Carmichael attempts to distinguish <u>Sloley</u>, asserting that the only issue in that case was the district court's factual finding that Sloley assaulted the officer. However, like Carmichael, Sloley argued that his conduct warranted the application of § 3C1.2 instead of § 3A1.2. We noted in <u>Sloley</u> that, if both § 3A1.2(b) and § 3C1.2 apply, the sentencing court must apply § 3A1.2, which provides a greater increase, <u>see</u> 19 F.3d at 154, and for that reason, we stated that the relevant question was whether the defendant's conduct warranted a finding that he had assaulted the officer in a manner creating a substantial risk of serious bodily injury. <u>Id.</u> Here, as in <u>Sloley</u>, Carmichael's conduct created a substantial risk of serious bodily injury to the officer. We find no error in the court's application of § 3A1.2(c)(1).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>